# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                           Criminal Nos. 21-644-WJ
                                                                 21-723-WJ

IGNACIO HUMBERTO FABIAN-HURTADO,

    Defendant.

## ORDER GRANTING MOTION FOR SENTENCE REDUCTION
## and
## ORDER DISMISSING *PRO SE* MOTION FOR SENTENCE REDUCTION

**THIS MATTER** comes before the Court upon Probation's Memorandum (**Doc. 25**) for Retroactive Guideline Amendment Eligibility, filed January 11, 2024, as well as the Unopposed Motion (**Doc. 27**) for Sentence Reduction under Amendment 821 to the United States Sentencing Guidelines, filed January 30, 2024, in case 21-cr-644. Defendant also filed a *pro se* motion for a sentence reduction under the same Amendment in case 21-cr-723. Having reviewed the parties' briefs and applicable law, the Court finds:

- Mr. Fabian-Hurtado is eligible for a sentence reduction in case number 21-cr-644. Accordingly, the unopposed Motion (**Doc. 27**) is **GRANTED**, and his sentence shall be **REDUCED** from 42 months to 37 months; and

- The Court lacks jurisdiction to modify Mr. Fabian-Hurtado's requested sentence reduction in case[1] number 21-cr-723. Accordingly, Defendant's *pro se* Motion (**Doc. 23**) is **DISMISSED without prejudice**.

---

[1] The original case for Mr. Fabian-Hurtado was 4:17-cr-00906 out of the District of Arizona, Tucson Division. Senior Judge Jorgenson transferred the case on April 22, 2021, and jurisdiction was accepted by the District of New Mexico on May 21, 2021 (**Doc. 1 at #21-cr-723**).

## BACKGROUND

On May 21, 2017, Defendant was arrested for illegal reentry (**Docs. 1-1**[2] **& 1-2 at #21-cr-723**). He was then indicted by a grand jury in the District of Arizona on June 14, 2017 (**Doc. 1-2 at #21-cr-723**). Mr. Fabian-Hurtado entered into a plea agreement on September 6, 2017—and was sentenced to 24 months' custody on January 9, 2018 (**Doc. 1-1 at #21-cr-723**). In addition to the custodial sentence, Defendant was also sentenced to 3 years of supervised release. *Id*. Defendant was removed[3] from the United States on or about February 17, 2019.

During his period of supervised release, Defendant violated the terms of his release (**Doc. 2 at #21-cr-723 & Doc. 1 at #21-cr-644**). Specifically, on March 30, 2021, Mr. Fabian-Hurtado reentered the United States after deportation. His reentry was a Grade B violation for both a "new law violation"[4] and "violation of special conditions."[5] **Doc. 2 at #21-cr-723**. On September 21, 2021, Defendant admitted to the violations (**Doc. 11 at #21-cr-723**) and was thereafter sentenced to 12 months' imprisonment (**Doc. 12 at #21-cr-723**). The custodial sentence imposed for the supervised release violation was ordered to run consecutively to the sentence imposed in case number 21-cr-644.

The procedural history of case number 21-cr-644 mirrors that of the supervised release violation described above. Mr. Fabian-Hurtado was charged by Criminal Complaint (**Doc. 1 at #21-cr-644**) with unlawful reentry in violation of 8 U.S.C. § 1326(a)(1), (b)(1). The United States then filed a criminal Information (**Doc. 12 at #21-cr-644**) alleging the same violation. The same

---

[2] **Doc. 1-1** is the five-page docket sheet from Defendant's case in the District of Arizona that lists all the filings from CM/ECF. The procedural history detailed in this section draws heavily from these D. Ariz. docket entries.
[3] The Complaint (**Doc. 1 at #21-cr-644**) states that "[i]mmigration checks revealed that the defendant was last removed on or about February 17, 2019 from the United States to Mexico through Nogales, Arizona."
[4] The first mandatory condition states the Defendant "must not commit another federal, state or local crime." **Doc. 1-3 at #21-cr-723**.
[5] The first special condition stated that if the Defendant was deported, he "must not re-enter the United States without legal authorization." **Doc. 1-3 at #21-cr-723**.

day the Information was filed, the United States and Defendant entered into a plea agreement (**Doc. 15 at #21-cr-644**). Defendant's guideline range was 46 to 57 months' imprisonment—based upon a total offense level of 17[6] and a criminal history category V (**Doc. 17 "PSR" at #21-cr-644**). On September 21, 2021, Mr. Fabian-Hurtado was sentenced to 42 months' imprisonment (**Doc. 23 at #21-cr-644**).

In the two years since Defendant was sentenced, the Sentencing Commission submitted proposed amendments to its guidelines to Congress. 88 Fed. Reg. 28254, 28270 (May 3, 2023). And as of November 1, 2023, those newly amended guidelines took effect. Now pending before the Court are Defendant's motions for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2), 28 U.S.C. § 994(o), and USSG § 1B1.10—based specifically on Amendment 821. For the reasons below, the Court finds the motion in case number 21-cr-644 merits relief; but finds the *pro se* motion in case number 21-cr-723 must be dismissed.

## DISCUSSION

### I. Modification of a Sentence

After a judgment of conviction is entered, the Court's authority to modify a sentence is limited to specific statutory authorization. *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). That being said, Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c); *see also United States v. Price*, 44 F.4th 1288, 1294 (10th Cir. 2022) (noting "retroactive Guideline amendments" are a valid statutory reason to modify a sentence).

---

[6] Defendant entered into an Early Disposition Program plea agreement wherein the parties agreed to a two-level downward departure under USSG § 5K3.1 (**Doc. 15 at #21-cr-644**). Accordingly, the Defendant's adjusted offense level at the original sentencing was 15 (**Doc. 17 ¶ 20 at #21-cr-644**).

3

Relevant here is Amendment 821's effect on criminal history calculations. The change to USSG § 4A1.1 means that courts no longer add two additional criminal history points when the offense of conviction was committed by the Defendant while under a criminal justice sentence. *See United States v. Claybron*, 88 F.4th 1226, 1228 (7th Cir. 2023).

**II. Determining Defendant Fabian-Hurtado's Eligibility**

When considering a retroactive Guidelines amendment, the Court engages in a two-step process. *United States v. Hald*, 8 F.4th 932, 944 (10th Cir. 2021). First, the Court must determine the Defendant's eligibility for a sentence reduction—requiring a finding that the applicable guideline range has been lowered. Second, the Court considers the Section 3553(a) factors to determine whether the reduction is warranted. *See United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013); *United States v. McGee*, 615 F.3d 1287, 1292 (10th Cir. 2010).

**A. Eligible in case number 21-cr-644**

Even Defendants who enter into Rule 11(c)(1)(C) plea agreements are eligible for retroactive relief under § 3582(c)—so long as the Guidelines range were "a relevant part of the analytical framework used to determine the sentence or to approve the agreement." *Hughes v. United States*, 138 S. Ct. 1765, 1775 (2018); *see also United States v. Romero*, 781 F. App'x 806, 807 (10th Cir. 2019) (unpublished). Defendant's plea agreement (**Doc. 15 at #21-cr-644**) incorporated the Guidelines and the Court's sentence was, necessarily, informed by the guideline imprisonment range of 46–57 months. Accordingly, Defendant is eligible for retroactive relief despite entering into a Rule 11 plea agreement.

Here, the parties jointly requested a sentence reduction based on Defendant's eligibility under Part A of Amendment 821 (**Doc. 27 at #21-cr-644**). The Court will oblige.

At the time, Mr. Fabian-Hurtado's total offense level was 17 (before the two-level downward departure under USSG § 5K3.1) and he was in criminal history category V (**Doc. 17 ¶ 54 "PSR" at #21-cr-644**). Defendant had a "subtotal criminal history score of eight" and he also received "two points" under USSG § 4A1.1(d). *Id.* **at ¶¶ 26–27**. The Amendment struck subsection (d) and inserted a new subsection (e). *See* U.S. SENT'G GUIDELINES MANUAL AMEND. 821, https://www.ussc.gov/guidelines/amendment/821. Given this change, Defendant no longer meets criteria for criminal history category V. Defendant's new criminal history is IV—based on eight points plus the additional "1 point" under the new USSG § 4A1.1(e). Accordingly, Defendant's properly calculated guidelines sentence range is now 37 to 46 months based upon an offense level of 17[7] combined with a criminal history category IV.

Having established eligibility for a sentence reduction, the Court next turns to the factors listed in 18 U.S.C. § 3553(a) to determine if a reduction is warranted. The parties jointly requested (**Doc. 27 at #21-cr-644**) a sentence of 37 months. Here, a reduction still results in a sentence that reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence to criminal conduct. *See United States v. Lindsey*, 527 F. App'x 700, 703 (10th Cir. 2013) (unpublished). The Court will, therefore, reduce Defendant's sentence to 37 months.

**B. Ineligible in case number 21-cr-723**

Defendant contends he "meets the criteria" for a reduction "in light of the amendment 821." **Doc. 23 at #21-cr-723**. He does not.

---

[7] Although Defendant was eligible for a two-level downward departure at his original sentencing under USSG § 5K3.1, he is ineligible for a downward departure now. *See* USSG § 1B1.10(b)(2); *see also United States v. Gutierrez*, 859 F.3d 1261, 1265–66 (10th Cir. 2017) (citing *United States v. Boyd*, 721 F.3d 1259, 1262 (10th Cir. 2013)).

In his motion, Mr. Fabian-Hurtado states that he was sentenced to "a term of 42 months on the level 15." This[8] is true. But that was in the other case. Despite eligibility for relief in case number 21-cr-644, Defendant is ineligible in case number 21-cr-723. The reason is quite simple. As the Tenth Circuit held, retroactive relief under Section 3582(c) "does not apply to a term of imprisonment imposed upon revocation of supervised release." *United States v. Fontenot*, 583 F.3d 743, 744 (10th Cir. 2009). In fact, USSG § 1B1.10, cmt. 8 states, quite bluntly, that Section 3582(c) "does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release."

As explained above, Mr. Fabian-Hurtado's reentry constituted a Grade B violation of his supervised release terms. The Court determined that a Grade B violation for an individual with a criminal history category IV meant the correctly calculated advisory Guidelines range was 12–18 months (**Doc. 2 at #21-cr-723**). *See* USSG § 7B1.4(a). The Tenth Circuit agreed—explaining "the district court correctly calculated Defendant's advisory Guidelines range as 12–18 months." *United States v. Fabian-Hurtado*, 2022 U.S. App. LEXIS 16812, at *5 (10th Cir. 2022) (unpublished).

Neither this Court, nor any other court, has the authority to modify a previously imposed sentence absent statutory authorization. *Mendoza*, 118 F.3d at 709. The Court's conclusion that Mr. Fabian-Hurtado is ineligible for a sentence reduction under Section 3582(c) is also fatal to the Court's subject matter jurisdiction. *United States v. Rodriguez-Dimas*, 651 F. App'x 819, 821 (10th

---

[8] In his *pro se* pleading, Defendant asserts his new offense level would be 13. As explained *supra* ¶ II.A., the downward departure applicable during his original sentencing is inapplicable at the retroactive sentence reduction stage. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (Hartz, J., concurring) (explaining the application note to USSG § 1B1.10 "makes explicit that the applicable guideline range is the range based on the defendant's offense level and criminal-history category before any departure or variance"); *see also supra* n.7.

6

Cir. 2016) (unpublished). Put simply, Defendant's motion must be dismissed. *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014).

Because the Court lacks jurisdiction to adjudicate this motion, there is no need to discuss the Section 3553(a) factors.

## CONCLUSION

For the reasons mentioned above, the Court **GRANTS** the unopposed motion (**Doc. 27**) for a sentence reduction in case number 21-cr-644 and **REDUCES** Defendant's sentence from 42 to 37 months' imprisonment, effective on February 1, 2024. The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of the sentence. If the Defendant is deported, said term of supervised release shall be unsupervised. If the Defendant is not deported, said term of supervised release shall be supervised. The Defendant must comply with the mandatory and standard conditions of supervision including the special condition that Defendant obey all U.S. immigration laws.

As for the Defendant's *pro se* motion (**Doc. 23**) filed in case number 21-cr-723, the Court **DISMISSES without prejudice** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE